IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK AYMAR,<br>        Plaintiff,<br>v.<br>PAUL STASSINOS, et al.,<br>        Defendants. | No. 2:07-cv-02561-JAM-GGH<br>No. 2:07-cv-02771-JAM-GGH<br>No. 2:07-cv-02798-JAM-GGH<br>No. 2:07-cv-02799-JAM-GGH<br><br>ORDER RE: ORDER TO SHOW CAUSE |
| KEVIN ROSE, MELINDA ROSE,<br>        Plaintiffs,<br>v.<br>PAUL STASSINOS, et al.,<br>        Defendants. | |
| IAN CHAMBERS,<br>        Plaintiff,<br>v.<br>PAUL STASSINOS, et al.,<br>        Defendants. | |
| SHERELLE MELTON,<br>        Plaintiff,<br>v.<br>PAUL STASSINOS, et al.,<br>        Defendants. | |

Patrick Aymar, Kevin Rose, Melinda Rose, Ian Chambers, Sherelle Melton (collectively "Plaintiffs") each brought a claim against Paul Stassinos, et al., alleging violation of the Fair

Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), invasion of privacy, tort in se, criminal conduct, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and negligent hiring, retention, training, and supervision.  On August 5, 2008, this Court issued an order directing Plaintiffs to submit further briefing, showing cause why their claims for tort in se and criminal violations should not be dismissed no later than 5:00 p.m. on August 15, 2008.  On August 15, 2008, Plaintiffs submitted a brief in response to this order.

    Having reviewed Plaintiffs' brief, the Court finds that dismissal of Plaintiffs' claim for tort in se is not appropriate.  Viewing the allegations in the First Amended Complaint in the light most favorable to Plaintiffs, the Court is not convinced that Plaintiffs have failed to allege sufficient facts to support an actionable claim for tort in se. The Court, however, finds that dismissal of Plaintiffs' claim for criminal violations under California Penal Code §§ 653m, 519, and 524 is appropriate.  Plaintiffs have failed to demonstrate a basis for bringing a claim under these statutes. Plaintiff did not cite to any persuasive case law which supports their claim that these statutes provide a basis for civil liability.  Accordingly, the Court concludes that these statutes do not give rise to a private right of action for damages.  For

this reason, Plaintiffs' claim for criminal conduct is dismissed.  Because amendment would be futile, this claim is dismissed with prejudice.

IT IS SO ORDERED.

Date: October 6, 2008                    _____
                                         JOHN A. MENDEZ,
                                         UNITED STATES DISTRICT JUDGE